| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | LAW OFFICES OF BRANDON A. BLOCK<br>A PROFESSIONAL CORPORATION<br>BRANDON A. BLOCK (Cal. Bar No. 215888)<br>brandon@bblocklaw.com<br>9440 Santa Monica Boulevard, Suite 301<br>Beverly Hills, California 90210<br>Telephone: 424.600.9454<br>Facsimile: 424.600.9631<br><br>Attorneys for Plaintiff<br>CHAKA TART |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA TART,<br><br>    Plaintiff,<br><br>vs.<br><br>INDEPENDENT RECOVERY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 8:23-cv-628<br><br>**COMPLAINT FOR WRONGFUL REPOSSESSION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chaka Tart alleges as follows:

**INTRODUCTION**

1. This is a consumer case brought by plaintiff Chaka Tart to address a manifestly wrongful "self-help" (i.e., nonjudicial) repossession of her car. Self-help repossession is "inherently dangerous" with "a potential for violence." <u>Sogn v. Alaska USA Fed. Credit Union</u>, No. C17-432 MJP, 2018 WL 4488606, at *4 (W.D. Wash. Sept. 19, 2018). It, therefore, is permissible only if it can be completed without a breach of the peace. Cal. Comm. Code § 9609(b)(2). As alleged herein, defendant Independent Recovery, Inc. ("IR") completed the repossession of plaintiff's vehicle in clear breach of the peace with full knowledge that ***plaintiff was at her late mother's wake***, in violation of California Commercial Code

COMPLAINT FOR WRONGFUL REPOSSESSION – 1

§ 9609(b)(2), federal and California statutory laws, and the common law. IR's breaches of the peace included continuing repossession efforts over plaintiff's objection and with plaintiff in her car, threatening the use of law enforcement and plaintiff's arrest to complete the repossession, putting plaintiff in immediate fear of harm to herself and her property, and lying to gain possession of plaintiff's car.

2. After the unlawful repossession, plaintiff paid her finance company to reinstate her contract, and IR then, with no legal right to do so, demanded that plaintiff also pay IR hundreds of dollars and sign an illegal general release – before plaintiff could even see her car, let alone regain possession of it. Adding to plaintiff's injuries, IR returned her car in damaged condition. Plaintiff brings this case to, among other things, recover the amounts paid to IR, be fully compensated for her out-of-pocket and emotional distress damages, and obtain an award of punitive damages to punish IR for its despicable conduct towards plaintiff and discourage similar conduct in the future.

## JURISDICTION AND VENUE

3. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Central District in that it is a judicial district in which a substantial part of the events or omissions giving rise to plaintiff's claims occurred, or a substantial part of property that is the subject of this action is situated, and defendants are subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff is an individual over the age of 18, a resident of Los Angeles County and a citizen of California.

6. Defendant IR is a "repossession agency" under California Business and Professions Code § 7500.2 and a California corporation with its principal place of business in Rancho Santa Margarita, California.

COMPLAINT FOR WRONGFUL REPOSSESSION – 2

7. Plaintiff does not know the true names, identities and capacities of Does 1 through 10, inclusive. Plaintiff, therefore, sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

**OPERATIVE FACTS**

8. Plaintiff purchased a motor vehicle on credit primarily for personal, family or household use from a car dealership in California pursuant to a retail installment sale contract. Plaintiff's finance company hired IR to repossess plaintiff's vehicle by "self-help" (i.e., nonjudicial) means, based on an alleged payment default.

9. On November 30, 2022, plaintiff was at a church in Long Beach, where she was attending the wake for her late mother. In the dark, early evening hours, she went to her car to leave. As she was driving out of the parking lot, IR's repossession agent/employee quickly drove his tow truck right in front of plaintiff's car, so that she couldn't leave the parking lot.

10. IR's repossession agent/employee – a relatively large man – quickly exited his truck, positioned himself at the driver's side of plaintiff's car, and shined his flashlight on plaintiff and her car's front window. Without ever identifying himself or his company, the man then told plaintiff that he was there to repossess her car and demanded she surrender it. Plaintiff, who was sitting in the driver's seat, repeatedly, clearly and unequivocally objected to the man taking her car. Plaintiff specifically told the man that she had just spoken to her finance company on November 29, 2022, and plaintiff was assured that she would have additional time to make a payment and there would be no repossession of her car during that time. Plaintiff also informed the IR's repossession agent/employee that his conduct was causing her tremendous distress as she was trying to leave her mother's wake. The man told plaintiff he knew that she was attending her mother's wake.

11.     Confronted with plaintiff's clear and unequivocal objections to any repossession, IR's repossession agent/employee didn't cease all repossession efforts, as required by law. Instead, he continued his repossession efforts while plaintiff was seated in her car and obviously distraught, in breach of the peace. IR's repossession agent/employee committed additional breaches of the peace by (1) putting plaintiff in fear of immediate harm to herself and her property, in that he blocked her car and stopped plaintiff from driving away, stood at the driver's side entry of plaintiff's car in a menacing manner, and refused to leave despite plaintiff's repeated requests for him to leave; (2) threatening plaintiff that IR's repossession agent/employee had contacted the police and they were on the way; (3) threatening plaintiff that she was being recorded on camera and would be arrested if she didn't surrender her car; and (4) lying to plaintiff to gain possession of her car, in that plaintiff is informed and believes that IR's repossession agent/employee didn't actually contact law enforcement, and he wasn't recording her.

12.     The conduct, threats and representations of IR's repossession agent/employee caused plaintiff to suffer immense fear of possible arrest and physical harm to herself and/or her car, as she was trapped in the parking lot by IR's tow truck and repossession agent/employee. She also was greatly concerned about her already distressed family members witnessing the events happening outside her mother's wake. Plaintiff thus believed she had no choice but to surrender her car to IR's repossession agent/employee, which she reluctantly did. Plaintiff then went back inside the church where her mother's wake was being held, severely frightened and sobbing.

13.     After the illegal repossession, plaintiff paid her finance company over $1,300 to reinstate her contract. Plaintiff is informed and believes that amount included reimbursement for IR's repossession fee charged to plaintiff's finance company, which IR wasn't entitled to, at all, due to its breach of the peace in taking plaintiff's car.

14. After plaintiff paid the money to reinstate her contract, plaintiff's finance company instructed IR to release the vehicle back to plaintiff. However, before IR would allow plaintiff to even see her car, IR required plaintiff to pay IR $455 in cash. IR was not entitled to demand any money from plaintiff, due to its breach of the peace and illegal repossession. IR also never sent plaintiff any notice of seizure or personal effects, so it was prohibited by law from charging any storage or related fees to plaintiff. See Cal. Bus. & Prof. Code §§ 7507.9(d) and 7507.10(f).

15. IR additionally required plaintiff to sign a "Vehicle and Personal Property Release" before plaintiff could even see her car, which contained the following terms: (1) that plaintiff had "carefully examined" her vehicle, and made sure there was no damage to the vehicle which didn't exist prior to the repossession or which wasn't in IR's condition report; (2) that plaintiff had examined all personal belongings that were in her vehicle at the time of the repossession, and all were accounted for without any damage; (3) that plaintiff generally released "all claims, demands and or actions" plaintiff had or may have had as of that date against IR and her finance company or its agents.

16. Plaintiff insisted that she see her vehicle before signing or paying anything, but IR would not allow her to do so. Plaintiff thus paid IR $455 in cash and signed its Vehicle and Personal Property Release under duress, and before she ever was able to inspect her car. Plaintiff later discovered damage to her vehicle which occurred during IR's unlawful repossession and/or while it was in IR's possession.

17. IR uses the Vehicle and Personal Property Release (as well as falsified "condition reports" indicating pre-existing damages to consumers' cars) to chill consumer claims, by trying to trick consumers, like plaintiff, into believing they can't sue IR or their finance company for anything that happened prior to the date they retrieve their repossessed cars. In actuality, IR's release is unlawful, unconscionable and unenforceable for at least the following reasons: The consumer

rights and causes of action afforded by the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), are nonwaivable, see Cal. Civ. Code § 1788.33; there was no consideration supporting the purported release because IR had a preexisting legal duty to return plaintiff's vehicle and personal property, and a preexisting legal duty cannot serve as consideration for an agreement; the release was obtained under duress, and is procedurally and substantively unconscionable; and all contractual provisions which have for their object, directly or indirectly, to exempt anyone from obeying the laws of California, are unlawful and void, id., § 1668, and laws established for a public reason cannot be waived by private agreement, id. § 3513.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

18. Plaintiff realleges and incorporates herein by reference the allegations in all of the above paragraphs.

19. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

20. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person obligated or allegedly obligated to pay a "debt".

21. Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

22. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to

enforce a security interest related to plaintiff's obligation or alleged obligation to pay money to plaintiff's finance company, arising out of a transaction in which the property which was the subject of the transaction (plaintiff's vehicle) was primarily for personal, family or household purposes.

23. Defendants violated 15 U.S.C. § 1692f(6) by taking any nonjudicial action to effect dispossession or disablement of property (plaintiff's vehicle) when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to possession of plaintiff's vehicle, due to their breach of the peace.

24. As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

25. Plaintiff has suffered, and is entitled to recover, her actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

26. Plaintiff is entitled to recover the maximum statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

27. Plaintiff is entitled to recover her attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL ACT**

**(Against All Defendants)**

28. Plaintiff realleges and incorporates herein by reference the allegations in all of the above paragraphs.

29. The California Legislature enacted the Rosenthal Act to ensure the integrity of our banking and credit industry, finding that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code §§ 1788.1(a)(2) & 1788.1(b).

30. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id., § 1788.2(d).

31. Defendants are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

32. Defendants violated Civil Code § 1788.10(a) by using, or threatening to use, any criminal means to cause harm to the person, or the reputation, or the property of any person. The criminal laws violated by defendants include California Business and Professions Code § 7502.1(a), by violating California Business and Professions Code §§ 7508.3, 7508.3(d) and 7508.3(e).

33. Defendants violated the provisions of Civil Code § 1788.10(b) by threatening that the failure to pay a consumer debt would result in an accusation that plaintiff had committed a crime where such accusation, if made, would be false.

34. Defendants violated the provisions of Civil Code § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of plaintiff, when such action was not in fact contemplated by defendants and permitted by law.

35. Defendants violated the provisions of Civil Code § 1788.14(b) by collecting or attempting to collect from plaintiff the whole or any part of defendants' fee or charge for services rendered, or other expense incurred by defendants, when it was not permitted by law.

36. Defendants violated the following provisions of the FDCPA, which

violated the Rosenthal Act, at Civil Code § 1788.17, entitling plaintiff to the remedies set forth in 15 U.S.C. § 1692k:

- 15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
- 15 U.S.C. § 1692(d)(1), by using criminal means to harm plaintiff's property, as alleged herein;
- 15 U.S.C. § 1692e, by using any false, deceptive, or misleading representation or means in connection with the collection of any debt;
- 15 U.S.C. § 1692e(4), by representing or implying that nonpayment of any debt would result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person when such action wasn't lawful and defendants didn't intend to take such action;
- 15 U.S.C. § 1692e(5), by threatening to take any action that couldn't legally be taken or that was not intended to be taken;
- 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt; and
- 15 U.S.C. § 1692f(6), by taking any nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, due to defendants' breach of the peace.

37. Plaintiff has suffered, and is entitled to recover, her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

38. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover the maximum statutory damages of $1,000 pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

39. Plaintiff is entitled to recover her attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – CONVERSION

### (Against All Defendants)

40. Plaintiff realleges and incorporates herein by reference the allegations in all of the above paragraphs.

41. At all times relevant, plaintiff was entitled to immediate possession of her vehicle vis-à-vis defendants.

42. Defendants wrongfully deprived plaintiff of possession of the vehicle by repossessing it in breach of the peace, and thereafter retaining it without any right to do so.

43. As a direct and proximate result of defendants' conversion, plaintiff has been damaged in amounts which are subject to proof.

44. Plaintiff is entitled to recover punitive damages from defendants an amount according to proof for defendants' conversion, to punish defendants for the conduct that harmed plaintiff and to discourage similar conduct in the future. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. Actual damages;

2. Statutory damages;

3. Punitive damages;

4. Injunctive relief;

5. Pre-judgment interest to the extent permitted by law;

6. An award of plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: April 10, 2023

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
CHAKA TART

COMPLAINT FOR WRONGFUL REPOSSESSION – 11